NO. 07-11-0336-CR
NO. 07-11-0337-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 11, 2012

_____

MICHAEL ANTHONY JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NOS. 62,876-D & 62,969-D; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following open pleas of guilty in two separate cause numbers,[1] Appellant,

Michael Anthony Jimenez, was convicted by the trial court of assault causing bodily

---

[1]Appellant was charged by indictment in cause number 62,876-D with the offense of assault causing bodily injury to a family member on December 25, 2010. Appellant was charged by indictment in cause number 62,969-D with committing the same offense, against the same victim, on December 10, 2010.

injury to a family member, a third degree felony.[2]  In both cause numbers, the trial court also found that Appellant had previously been convicted of two prior felonies, enhancing the range of punishment to confinement in the Texas Department of Criminal Justice for life, or for any term of not more than ninety-nine years or less than twenty-five years.[3] Punishment was assessed at thirty-five years confinement in cause number 62,876-D and twenty-five years confinement in cause number 62,969-D.  The sentences were ordered to run concurrently.[4]  In presenting these appeals, counsel has filed an *Anders*[5] brief in support of a motion to withdraw.  We grant counsel's motion and affirm the judgments as modified hereinbelow.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so,

---

[2]*See* Tex. Penal Code Ann. § 22.01(b)(2) (West 2011).  *See also* Tex. Fam. Code Ann. §§ 71.002(b) and 71.005 (West  2008 & Supp. 2011).

[3]*See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011).

[4]In a third case, cause number 63,023-D, Appellant was also convicted of the offense of assault causing bodily injury to the same family member on January 7, 2011.  Appellant's concurrent sentence of twenty-five years confinement in that case is the subject of a separate appeal in appellate cause number 07-11-0338-CR.  That appeal will be addressed by separate opinion issued this same date.

[5] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[6] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did file a response. The State filed a brief in which it concurs with counsel for Appellant that no plausible basis exists for challenging the judgments and/or sentences in these appeals.

Appellant and the victim had a dating relationship. Additionally, the victim lived with Appellant's family to care for his ill mother. Evidence was presented that Appellant assaulted the victim on several occasions. During one of the assaults, she suffered injury to one of her ears after Appellant bit off a piece. Appellant signed judicial confessions in both causes admitting his guilt. Evidence was also presented regarding his prior offenses for purposes of enhancement.

When we have an *Anders* brief by counsel and a pro se response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)).

---

[6]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 503. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe*, 178 S.W.3d at 824.

That said, in our review of the record it has come to our attention that the judgments include a clerical error. The judgments indicate the trial court's findings as to the second enhancement to be "N/A." The reporter's record, however, reflects that the court found two enhancements to be true.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex.App.--Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

4

Accordingly, counsel's motion to withdraw is granted, the trial court's judgments are reformed to reflect a finding of "True" as to the second enhancement, and the judgments as reformed are affirmed.

Patrick A. Pirtle
Justice

Do not publish.